# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Pondrell Robinson, Jr., )
          Movant, )
vs. ) No. 08-0036-CV-W-FJG
United States of America, ) Crim. No. 05-00031-01-CR-W-FJG
          Respondent. )

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1, filed January 15, 2008). The Court finds that it has jurisdiction over this matter.

Movant pled guilty on June 3, 2005. See Doc. #43 to Case No. 05-00031. Movant pled guilty to: one count of conspiracy to distribute 50 grams or more of cocaine base, two counts of distribution of five grams or more of cocaine base, and one count of possession with intent to distribute five grams or more of cocaine base. The Eighth Circuit affirmed movant's sentence on September 11, 2006. United States v. Pondrell Robinson, Jr., 462 F.3d 824 (8th Cir. 2006). The Supreme Court denied movant's petition for certiorari on January 16, 2007.

On January 15, 2008, movant filed the instant motion pursuant to 28 U.S.C. § 2255. Movant asserts his counsel was ineffective for (1) failing to truthfully advise him regarding the likelihood of obtaining a reduction of sentence on the basis of "substantial assistance"; (2) failing to object to the application of a defective § 851 enhancement; (3) failing to object to the fact that there was no inquiry about whether movant had a prior drug conviction; and (4) failing to conduct a reasonable investigation into the facts and circumstances of movant's prior conviction.

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be

considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1) respondent's opposition (Doc. #5), movant's reply (Doc. #9) and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition (Doc. #5). This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed January 15, 2008, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

 /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   6/9/08
Kansas City, Missouri